# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JAMIL S. ALLEN,**

        **Plaintiff,**

        v.                                                 Case No. 17-CV-1383

**MILWAUKEE COUNTY JAIL,**
**ARMOR CORRECTIONAL**
**HEALTH SERVICES, INC.,**

        **Defendants.**

---

## ORDER

---

Plaintiff Jamil S. Allen, who is representing himself, filed a complaint under 42 U.S.C. § 1983 alleging that his constitutional rights have been violated. He also filed a motion for leave to proceed without prepayment of the filing fee. This order resolves that motion and screens his complaint.

*Motion for Leave to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act (PLRA) gives courts discretion to allow prisoners to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that they pay an initial partial filing fee. On October 26, 2017, the court ordered Allen

to pay an initial partial filing fee of $71.50. Allen paid that fee on November 14, 2017. Accordingly, the court will grant Allen's motion to proceed without prepayment of the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

*Screening of the Complaint*

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980).

The court is obliged to give a plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*The Complaint's Allegations*

Allen is currently incarcerated at the Milwaukee County Jail. On September 10, 2017, Allen injured his ankle when he slipped in water that had not been cleaned up. Two correctional officers knew that water was on the floor, leaking from a previously-flooded cell. A correctional officer asked that the water be cleaned up prior to inmates returning from the gym.

Allen says that defendant Armor Correctional Health Services ignored his injuries for two days. Once they evaluated him, they x-rayed his ankle, prescribed pain pills, and placed him in a wheelchair due to a severe sprain. On September 21, 2017, Nurse Chissen did the evening medication pass. She gave Allen the wrong medication, providing him with L. Allen's medication rather than his own. Since then, Allen has been experiencing migraine headaches, skin irritations, and strange thoughts. Though he has repeatedly asked Armor what medications he ingested, it would not provide the information.

Allen reports that he had a motor skill test done on October 5, 2017, and the doctor said he did not "know what's going on in [Allen's] brain." Allen seeks monetary damages for the Jail's negligence in failing to clean up the water, Armor's initial refusal

to treat his injury, and the state of anxiety he is in as a result of receiving the wrong medication.

*The Court's Analysis*

As it is now, Allen's complaint fails to state a claim upon which relief could be granted. Allen has three potential claims, and only one is cognizable under § 1983. Negligence (even gross negligence) does not constitute a constitutional violation, *Rosario v. Brown*, 670 F.3d 816, 821 (7th Cir. 2012), so the only claim he could bring, based on the facts he alleges, that implicates the Constitution is his claim that Armor failed to timely provide medical care. That claim, however, is not brought against a proper defendant. He will therefore need to amend his complaint as the court explains below if we wishes to continue with this lawsuit.

Allen's complaint does not make it clear whether he was serving a sentence or being detained pretrial at the time of these incidents. Regardless, Allen's claim would be analyzed under the same standard. *Chavez v. Cady*, 207 F.3d 901, 904 (7th Cir. 2000). Prison officials, or jail officials, violate the proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners." *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997) (internal citation and quotation omitted). This standard contains both an objective element (that the medical needs be sufficiently serious) and a subjective element (that the officials act with a sufficiently culpable state of mind). *Id*.

Allen's complaint could state a claim for deliberate indifference based on being refused medical treatment. However, rather than suing the individuals who failed to provide medical care, Allen has sued Armor. Section 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). There is no supervisory liability, collective liability, or vicarious liability under 42 U.S.C. § 1983. *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). In order to state a claim against a governmental unit (in this case, Armor), a plaintiff must allege that the constitutional deprivation was the result of a policy or custom or widespread practice. *Monell v. N.Y. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

Allen could proceed with a deliberate indifference claim in three ways: amend the complaint to name the individual(s) involved in denying him care and include allegations of how they did so; amend the complaint to include allegations that show the lack of medical care was the result of Armor's policies, customs, or practice; or amend the complaint to include both and proceed against individual defendants *and* against Armor.

If Allen wants to proceed, he must file an amended complaint curing the deficiencies described. Such an amended complaint must be filed on or before **March**

**12, 2018**. Failure to file an amended complaint within this time period will result in dismissal of this action.

The amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056-57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that, in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading[.]" *Id.* at 1057 (citation omitted). If Allen files an amended complaint, the court will screen it pursuant to 28 U.S.C. § 1915A.

## ORDER

**IT IS THEREFORE ORDERED** that the plaintiff's motion for leave to proceed without prepayment of the filing fee (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that on or before **March 12, 2018**, the plaintiff shall file an amended pleading curing the defects in the original complaint as described herein.

**IT IS FURTHER ORDERED** that the agency having custody of Allen shall collect from his institution trust account the **$278.50** balance of the filing fee by collecting monthly payments from his prison trust account in an amount equal to 20 percent of the preceding month's income credited to his trust account and forwarding

payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Allen is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this order along with Allen's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that Allen shall submit all correspondence and legal material to:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Allen advised that failure to make a timely submission will result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 26th day of February, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge