# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

JAMIL S. ALLEN,

        Plaintiff,

v.                                                         Case No. 17-CV-1383

ARMOR CORRECTIONAL HEALTH
SERVICES, INC., ET AL.,

        Defendants.

---

## ORDER

---

Plaintiff Jamil S. Allen filed a complaint under 42 U.S.C. § 1983. He voluntarily dismissed his lawsuit on June 1, 2018, and the court entered an order of dismissal on June 8, 2018. A month later, Allen filed a motion to accept his amended complaint. He explained that, at the time he dismissed his lawsuit, he was transferred to Dodge Correctional Institution and could not litigate. Because Allen's proposed amended complaint does not state a claim, the court will deny his motion.

In his proposed amended complaint Allen alleges that, while incarcerated at the Milwaukee County Jail, he fell in water on the floor (due to a cell flooding) and severely twisted his ankle. (ECF NO. 13-1 at 2, 3.) He told C.O. Saffold about his injury, who

notified medical. (*Id.* at 2.) Later, Allen learned that Saffold told C.O. Cannon to clean up the water before the inmates returned to their cells but Cannon failed to do so. (*Id.*)

To state a claim that he was injured by the conditions of his confinement, Allen must allege that jail officials knew about a "substantial risk of serious injury" but failed to take appropriate steps to protect him. *Butera v. Cottey*, 285 F.3d 601, 605 (7th Cir. 2002). Negligence, even gross negligence, is not actionable under § 1983. *Rosario v. Brown*, 670 F.3d 816, 821 (7th Cir. 2012). An official's actions must be intentional or criminally reckless. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Allen's allegations do not suggest a *substantial* risk of *serious* harm. *See Bell v. Ward*, 88 Fed. Appx. 125, 127 (7th Cir. 2004) (inmate who slipped on a wet floor and struck his chin on a steel stool, resulting in a gash that required four stitches, failed to state a claim for violation of his rights under the Eighth and Fourteenth Amendments). As stated in *Bell*, although wet floors do present a possibility that inmates might slip, allegations like those made by Allen do not suggest a substantial risk of serious harm that reflects the deliberate indifference required to impose liability under the Eighth Amendment.

Allowing Allen to reopen his case and file the proposed amended complaint would be futile because the complaint would not survive motion to dismiss for failure to state a claim. *McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 685 (7th Cir.2014). The court will therefore deny the motion to accept the amended complaint.

**NOW, THEREFORE, IT IS ORDERED** that Allen's motion to accept the amended complaint (ECF No. 13) is **DENIED**.

Dated at Milwaukee, Wisconsin this 26th day of November, 2018.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge